FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUN 1 1 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA, )
           Plaintiff, )
v. )  No.  **4:14CR180 AGF/SPM**
JOSEPH BROGAN, )
           Defendant. )

## INDICTMENT

### COUNT 1 - CONSPIRACY

The Grand Jury charges that:

1. At all times relevant, Defendant Joseph Brogan was employed as a loan officer for USA Mortgage, Inc., which was a subsidiary of DAS Acquisition Company, LLC. Defendant's office was located within the Eastern District of Missouri.

2. At all times relevant, Defendant had experience handling mortgages insured by the United States Department of Housing and Urban Development, Federal Housing Administration ("FHA loans"). Defendant also had experience handling conventional mortgage loans.

3. At all times relevant, Federal law required that lenders and borrowers on FHA and conventional loans be advised of the deposits, disbursements made, and the settlement costs incurred in connection with closing a real estate loan. This disclosure was frequently done through a settlement statement known as a "HUD-1" form.

4. At all times relevant, Michael Wallis ("Wallis") owned and operated a company known as Missouri Builders and Home Remodeling (hereinafter referred to as "Missouri Builders"), which performed interior construction and remodeling work on houses.

## THE CONSPIRACY

5.  From as early as 2007 until as late as January 2010, with the exact dates being unknown, within the Eastern District of Missouri and elsewhere,

**JOSEPH BROGAN,**

Defendant herein, did knowingly and willfully conspire, combine, confederate and agree with Wallis and others known and unknown to the Grand Jury to commit an offense against the United States, to wit: Bank Fraud in violation of Title 18, United States Code, Section 1344, in that Defendant and Wallis made and caused to be made material false representations to financial institutions on HUD-1 forms in connection with various mortgages, resulting in the disbursement of funds that should not have been disbursed.

## MANNER AND MEANS OF THE CONSPIRACY

6.  It was a part of the conspiracy that Defendant, Wallis, and others found and recruited individuals to apply for loans to purchase homes in the St. Louis area.

7.  It was a part of the conspiracy that Defendant, Wallis, and others supplied funds for the down payments on the home purchases but falsely represented to HUD and to lending financial institutions that the borrowers were making the down payments.

8.  It was a part of the conspiracy that Defendant, Wallis, and others prepared documents known as "gift letters" which falsely represented to HUD and to lending financial institutions that borrowers' relatives were providing funds to borrowers as gifts toward the purchase of homes.

9.  It was a part of the conspiracy that Defendant and Wallis falsely represented on HUD-1 forms that remodeling expenses were incurred and had to be paid from loan proceeds.

10.  It was a part of the conspiracy that Defendant and Wallis created false and inflated invoices for expenses for remodeling work that in fact was never done.

11.  It was a part of the conspiracy that Wallis's company, Missouri Builders, received disbursements of loan funds based on the false statements on the HUD-1 forms and the false and

inflated invoices, and Wallis paid Defendant and others kickbacks from the illegally obtained loan funds.

## OVERT ACTS

12. In or around October 2009, D.K. met with Defendant to apply for a loan to purchase a house located at 3816 Oregon Avenue, St. Louis, Missouri ("the Oregon Avenue house").

13. In or around October 2009, Defendant, Wallis, and others created and submitted and caused to be created and submitted a fraudulent gift letter falsely representing that a relative of D.K. had given D.K. a gift of $8,000 for the purpose of purchasing the Oregon Avenue house, when in fact, as Defendant well knew, the person named in the gift letter was not a relative of D.K. and did not give D.K. $8,000. Instead, Defendant supplied the $8,000 toward the purchase of the Oregon Avenue house.

14. In or around October 2009, Wallis created and caused to be created a false and inflated invoice in the amount of $57,020.00 falsely representing that Missouri Builders had performed remodeling work on the Oregon Avenue house, when in fact, Missouri Builders had done little or no remodeling work on the house.

15. On or about October 26, 2009, Defendant and Wallis made and caused to be made a false entry on a HUD-1 form reflecting that $57,020.00 in remodeling expenses had been incurred and had to be repaid from loan funds in connection with the loan to purchase the Oregon Avenue house.

16. On or about October 27, 2009, Wallis received a disbursement of loan funds by wire transfer in the amount of $57,020.00 in connection with the purchase of the Oregon Avenue house. The disbursement was wired to the bank account of Missouri Builders at Bank of America.

17. On or about October 27, 2009, Wallis made a payment to Defendant in the amount of $8,000.00 in the form of a cashier's check, to reimburse Defendant for the $8,000 Defendant supplied toward the purchase of the Oregon Avenue house.

18. On or about October 28, 2009, Wallis paid Defendant a kickback in the amount of $13,480.00 in the form of a cashier's check.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2 – BANK FRAUD

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 18 of Count 1 are restated and incorporated herein.

2. On or about October 26, 2009, in the Eastern District of Missouri and elsewhere,

**JOSEPH BROGAN,**

Defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of Bank of America, which was a financial institution as defined in 18 U.S.C. § 20, by means of material false and fraudulent pretenses, representations, and promises, in that Defendant made and caused to be made an entry on a HUD-1 form in connection with a loan to purchase the Oregon Avenue house, falsely representing that expenses in the amount of $57,020.00 had been incurred for remodeling work completed on the house, when in fact, as Defendant well knew, little or no remodeling work had been done on the house.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 3 – BANK FRAUD

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 11 of Count 1 are restated and incorporated herein.

2. On or about May 29, 2009, in the Eastern District of Missouri and elsewhere,

**JOSEPH BROGAN,**

Defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of GMAC Mortgage, LLC, which was a financial institution as defined in 18 U.S.C. § 20, by means of material false and fraudulent pretenses, representations, and promises, in that Defendant made and caused to be made an entry on a HUD-1 form in connection with a loan to purchase a house at 4444 Pennsylvania Avenue, St. Louis, Missouri, falsely representing that expenses in the amount of $47,491.07 had been incurred for remodeling work completed on the house, when in fact, as Defendant well knew, little or no remodeling work had been done on the house.

In violation of Title 18, United States Code, Sections 1344 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 371 as set forth in Count 1, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344 as set forth in Counts 2 and 3, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense.

3. Subject to forfeiture is a sum of money equal to the total value of any property,

real or personal, constituting or derived from any proceeds traceable to said offense(s).

4. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                        A TRUE BILL.

                                          _____

                                          FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
REGINALD L. HARRIS, Mo. #48939
Assistant United States Attorney